# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 22-MJ-377
A black Motorola Smart Phone with scratches on the )
screen, seized from cell #544 of the Philadelphia Federal )
Detention Center on February 26, 2022 )

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, attached hereto and fully incorporated by reference.

located in the _____Eastern_____ District of _____Pennsylvania_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, attached hereto and fully incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1791(a)(2) | Providing or Possessing Contraband in Prison |

The application is based on these facts:

See attached affidavit
☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Brian Blank
_____
*Applicant's signature*

Brian Blank, Special Agent, ATF
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____Telephone_____ *(specify reliable electronic means)*.

Date: ___03/07/2022___

/s/ Marilyn Heffley
_____
*Judge's signature*

City and state: PHILADELPHIA, PENNSYLVANIA   U.S. MAGISTRATE JUDGE MARILYN HEFFLEY
_____
*Printed name and title*

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means    ☑ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>A black Motorola Smart Phone with scratches on the screen, seized from cell #544 of the Philadelphia Federal Detention Center on February 26, 2022 | )<br>)<br>)  Case No.  22-MJ-377<br>)<br>)<br>) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the   Eastern   District of   Pennsylvania
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A, attached hereto and incorporated fully by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Evidence of violations of 18 U.S.C. § 1791(a)(2) (Providing or Possessing Contraband in Prison), further described in Attachment B, attached hereto and fully incorporated by reference.

**YOU ARE COMMANDED** to execute this warrant on or before   March 21, 2022   *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   USMJ  .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   3/7/2022, 3:45 p.m.           /s/ Marilyn Heffley
                                                                                *Judge's signature*

City and state:   PHILADELPHIA, PA           United States Magistrate Judge Marilyn Heffley
                                                                                *Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A BLACK MOTOROLA SMART PHONE WITH SCRATCHES ON THE SCREEN, SEIZED FROM CELL #544 OF THE PHILADELPHIA FEDERAL DETENTION CENTER | Case No. 22-MJ-377<br><br>UNDER SEAL |

### AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Brian Blank, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), being duly sworn, declare and state as follows:

### INTRODUCTION

1. This affidavit is being made in support of a warrant authorizing the search of one (1) cellphone (hereafter referred to as "**SUBJECT TELEPHONE**"), believed to be used by Shaquayvis ASBERRY (Inmate #61539-015), and is currently stored in the custody of the ATF, further described in Attachment A:

- **SUBJECT TELEPHONE: A black Motorola Smart Phone with scratches on the screen, seized from cell #544 of the Philadelphia Federal Detention Center on February 26, 2022**

The **SUBJECT TELEPHONE** is currently located at a secure ATF facility in Wilmington, Delaware.

2. The ATF has had an open investigation on ASBERRY since January 16, 2021, and ASBERRY is currently being investigated for violation of Title 18 U.S.C. § 1791(a)(2) (Providing or Possessing Contraband in Prison) (the "**TARGET OFFENSE**"). Previously, ASBERRY was indicted by a Federal Grand Jury in the District of Delaware on August 12, 2021 for violations of Title 18 U.S.C. § 922(g)(1) (Possession of a Firearm by a Person Prohibited), Title 18 U.S.C. § 371 (Conspiracy to Engage in Business of Dealing in Firearms Without a License) and is currently being held at the Federal Detention Center ("FDC") in Philadelphia, Pennsylvania

("PA"), located at 700 Arch Street, Philadelphia, PA 19106. The warrant authorizes the search of the **SUBJECT TELEPHONE** for the purpose of identifying and examining information, more particularly described in Attachment B, that constitutes evidence, fruits, and instrumentalities related to the **TARGET OFFENSE**, as well as other potential criminal activity.

## AFFIANT BACKGROUND

3. I am "an investigative or law enforcement officer" of the United States within the meaning of Title 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18 U.S.C. § 2516.

4. I am a Special Agent with ATF and have been since July 2017. I successfully completed the Criminal Investigator Training Program, as well as the ATF Special Agent Basic Training Academy at the Federal Law Enforcement Training Center in Glynco, Georgia, where I received specialized training in the investigation of federal laws involving firearms, alcohol and tobacco diversion, arson, explosives, and narcotics. During my tenure with ATF, my primary duties have included investigations into firearms trafficking, illegal firearms manufacturing, violations of federal firearms laws, violent crimes, and armed narcotics trafficking. I have been involved in arrests and interviews of firearms and drug traffickers. I have executed federal search, seizure, and arrest warrants, conducted interviews of subjects and witnesses, and developed information using various investigative techniques. As a result of my training and experience, I am familiar with methods used by criminals to conduct firearms and narcotics trafficking.

5. Based upon that training and experience, I have learned the following:

   a. Firearms trafficking is an ongoing and recurring criminal activity. Unlike crimes against people, which tend to be discrete offenses, firearms trafficking is an illegal commercial activity that is characterized by regular, repeated criminal activity.

b. Cellphones are an indispensable tool of the firearms trafficking trade. Firearms traffickers use cellphones, push-to-talk telephones, Short Message Service ("SMS"), electronic-mail, and similar electronic means and/or devices, often under fictitious names or names other than their own, in order to maintain contact with other conspirators and firearms traffickers. In addition, traffickers will often change their cellphones following an arrest, or use multiple cellphones in order to frustrate law enforcement efforts.

c. Firearms traffickers keep and maintain records of their various activities. Such records are regularly concealed in a suspect's automobile, residence, office, and on his person, and that they take various forms. Documents commonly concealed by traffickers, include but are not limited to notes in code, deposit slips, wired money transactions, hidden bank accounts, photographs of co-conspirators, various forms of commercial paper, personal address books, notebooks, records, receipts, ledgers, travel receipts (rental receipts, airline tickets, bus tickets, and/or train tickets) both commercial and private, money orders and other papers relating to the ordering, transportation, sale and distribution of controlled dangerous substances or other such documents which will contain identifying data on the co-conspirators. These items are kept in locations that are considered safe by the traffickers such as safety deposit boxes, residences, vehicles and on their person, where they have ready access to them;

d. Firearms traffickers use cellphones and other electronic communications devices to facilitate illegal firearms transactions. The electronically stored information on these devices is of evidentiary value in identifying other members of the firearms trafficking conspiracy and establishing the relationship between these people, including photographs and other identifying information stored on these devices;

e. Firearms traffickers use computers or other electronic storage media, including smartphones, to store the records, documents, or items listed in paragraphs c and d;

f. People involved with illegal firearm possession also frequently use cellphones, communication devices, and other electronic media storage to further their illegal activities. People who have firearms tend to take pictures of the firearms and ammunition, which are stored on their electronic devices. Those people may communicate with others through their electronic devices about purchasing or selling firearms, and they often post pictures of evidence, fruits, and instrumentalities of crime on social media to show others with whom they are connected;

g. Further, people involved in illegal activities tend to use their cellphones to call or text accomplices before, during, and after a crime has been committed. Sometimes, when a person commits a crime, an accomplice will be nearby to serve as a lookout for police. The person may then contact the accomplice via an electronic device for assistance fleeing the crime scene. Additionally, a person may communicate with another person to strategize and attempt to hide belongings or merchandise from the crime committed. As mentioned before, people tend to take pictures of property or items taken in connection with crimes committed, to share that information with others, or to store it on electronic devices.

h. Cellphones are a valuable commodity in the prison setting and can be sold or traded for benefits such as commissary items or payments made through applications such as CashApp, Zelle, etc.

6. Because this affidavit is being submitted for the limited purpose of establishing probable cause to search the **SUBJECT TELEPHONE**, I have not included every detail of every aspect of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause. I have not, however, excluded any information known to me that would defeat a determination of probable cause. The information contained in this affidavit is based upon my personal knowledge and my review of documents, as well as conversations with other law enforcement officers and other people. All conversations and statements described in this affidavit are related in substance and in part unless otherwise indicated.

## PROBABLE CAUSE

7. On February 26, 2022, at approximately 11:20 p.m., employees at the FDC conducted a search of ASBERRY's cell, #544, in Housing Unit 5 South and recovered the **SUBJECT TELEPHONE** under a blanket on the bottom bunk bed, along with a cell phone charger hanging from an outlet near the sink inside the cell.



ASBERRY was the only inmate assigned to cell #544. Inmates at the FDC are not permitted to possess cellphones while they are incarcerated.

8.  I know from my knowledge of this investigation, that ASBERRY has been permitted to make monitored phone calls and send monitored emails on devices provided by the facility while he has been detained at the FDC. Because these communications are monitored, inmates are typically cautious with regards to the information they discuss in them. I also know, based on my training and experience, that inmates may use illegally possessed cellphones to engage in, or facilitate, criminal activity outside the facility because communications from those phones are not monitored. For that purpose, and due to their value, inmates may sell or trade these cellphones amongst one another.

9.  Previously in this investigation, federal search warrants authorized in the District of Delaware for ASBERRY's iCloud account in February 2021, and cellphones in February 2021, and May 2021, yielded evidence that led to the determination of probable cause that ASBERRY had committed violations of Title 18 U.S.C. § 922(g)(1) and Title 18 U.S.C. § 371, and that he used cellphones in furtherance of those offenses.

## CONCLUSION

10. Based on the forgoing information, I submit that there is probable cause to search the **SUBJECT TELEPHONE**, and that there is also probable cause to believe that the **SUBJECT TELEPHONE** may contain evidence, fruits, and instrumentalities of the **TARGET OFFENSE**, as well as other potential offenses and unidentified conspirators.

11. WHEREFORE, I respectfully request that this Court issue a warrant to search the **SUBJECT TELEPHONE**, further described in Attachment A, for certain evidence and information, further described in Attachment B.

12. Additionally, I believe there is good cause to authorize the requested searches at any time of the day or night. The **SUBJECT TELEPHONE** is already in law enforcement custody, and it is reasonable to allow law enforcement to execute the requested searches at any hour of the day, even during the evening or night, if doing so is convenient for the investigators or examiners. Because the devices are in law enforcement custody already, there is no prejudice to any other person from this request.

Respectfully submitted,

/s/ Brian Blank
Brian Blank
Special Agent
Bureau of Alcohol, Tobacco, Firearms & Explosives

Sworn to and subscribed before me this __7th__ day of March, 2022.

/s/ Marilyn Heffley
HONORABLE MARILYN HEFFLEY
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A
### Device to Be Searched

One (1) cellphone (the "**SUBJECT TELEPHONE**") currently in the custody of the ATF at a secure facility:

- **SUBJECT TELEPHONE: A black Motorola Smart Phone with scratches on the screen, seized from cell #544 of the Philadelphia Federal Detention Center on February 26, 2022**

## ATTACHMENT B
### Items to Be Seized

All records contained in the items described in Attachment A which constitute evidence of Title 18 U.S.C. § 1791(a)(2) (Providing or Possessing Contraband in Prison), including but not limited to that outlined below:

a) Images;

b) Videos and visual recording;

c) Records of incoming and outgoing voice communications;

d) Records of incoming and outgoing text messages;

e) The content of incoming and outgoing text messages;

f) Voicemails;

g) E-mails;

h) Data from third-party applications (including social media applications like Facebook and Instagram and messaging programs like WhatsApp and Snapchat);

i) Browser history;

j) Contact lists.

k) Any and all records relating to who the device was registered to;

l) For the **SUBJECT TELEPHONE**:

    a. Evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    b. evidence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c. evidence of the lack of such malicious software;

    d. evidence of the attachment to the **SUBJECT TELEPHONE** of other storage devices or similar containers for electronic evidence;

   e. evidence of counter forensic programs (and associated data) that are designed to eliminate data from the device;

   f. evidence of the times the **SUBJECT TELEPHONE** was used;

   g. passwords, encryption keys, and other access devices that may be necessary to access the **SUBJECT TELEPHONE**;

   h. documentation and manuals that may be necessary to access the device or to conduct a forensic examination of the **SUBJECT TELEPHONE**;

   i. contextual information necessary to understand the evidence described in this attachment.

 With respect to the search of any of the items described above which are stored in the form of magnetic or electronic coding on computer media or on media capable of being read by a computer with the aid of computer-related equipment (including CDs, DVDs, thumb drives, flash drives, hard disk drives, or removable digital storage media, software or memory in any form), the search procedure may include the following techniques (the following is a non-exclusive list, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein, while permitting government examination of all the data necessary to determine whether that data falls within the items to be seized):

   1. surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);

   2. "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;

   3. "scanning" storage areas to discover and possible recover recently deleted files;

   4. "scanning" storage areas for deliberately hidden files; or

   5. performing key word searches or other search and retrieval searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

 If after performing these procedures, the directories, files or storage areas do not reveal evidence of the specified criminal activity, the further search of that particular directory, file or storage area, shall cease.

With respect to the search of the information provided pursuant to this warrant, law enforcement personnel will make reasonable efforts to use methods and procedures that will locate and expose

those categories of files, documents, communications, or other electronically stored information that are identified with particularity in the warrant while minimizing the review of information not within the list of items to be seized as set forth herein, to the extent reasonably practicable. If the government identifies any seized communications that may implicate the attorney-client privilege, law enforcement personnel will discontinue its review and take appropriate steps to segregate all potentially privileged information so as to protect it from substantive review. The investigative team will take no further steps regarding any review of information so segregated absent further order of the court. The investigative team may continue to review any information not segregated as potentially privileged.